UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE R. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-CV-4206 |
| | ) |
| GREGG SCOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the allegations state a federal claim for relief.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

In a 45-page complaint, plaintiff alleges in broad fashion that officials at Rushville have violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments by operating the facility in a manner similar to a maximum security prison. For example, plaintiff alleges that security personnel at the facility wear military style uniforms, that he is not able to make unmonitored phone calls, that he lacks privacy while in his room,

and he is subjected to pat downs and searches when transported outside of the facility. Plaintiff makes broad allegations that the medical care is not adequate, that he cannot attend Bible study, that he is not provided adequate food, and that his mental health treatment has been stalled but he provides few allegations against specific defendants.

Plaintiff's complaint fails to state a claim based upon the alleged similarities between Rushville and prisons operated by the Illinois Department of Corrections. *Lieberman v. Budz*, No. 03 C 2009, 2007 WL 1810493, at *8 (N.D. Ill. June 19, 2007) (civil detainees, like pre-trial detainees, may be subjected to prison-like conditions without such conditions amounting to unconstitutional punishment).   Nor does Plaintiff state a claim for the alleged violations of state law.   See *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003) (The federal constitution does not "permit a federal court to enforce state laws directly.").

In addition, Plaintiff was previously advised when he filed a substantially similar complaint that the Federal Rules of Civil Procedure require only a "short and plain statement" of a party's claim in the complaint.   Fed. R. Civ. P. 8(a); *Barrett v. Dimas*, No. 16-4085, ECF No. 13 (C.D. Ill., filed June 8, 2016).   Plaintiff's complaint in the present case does not comply with the rule.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (#5) is denied.

2. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.   This case is closed.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.   Fed. R. App. P. 4(a).   A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal.   See Fed. R. App. P. 24(a)(1)(C).   If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of January, 2017

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE